# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSHUA A. MONIGHAN** : | |
| **Plaintiff** : | |
| : | No. 1:18-CV-1654 |
| v. : | |
| : | Judge Jones |
| **TOM WOLF GOVERNOR** : | |
| **COMMONWEALTH OF PA** : | Electronically Filed Document |
| : | |
| : | *Complaint Filed 08/21/8* |
| : | |
| **Defendants** : | |

## BRIEF IN SUPPORT OF DEFENDANT GOVERNOR TOM WOLF'S MOTION TO DISMISS

          Respectfully submitted,

          JOSH SHAPIRO
          Attorney General

         By: *s/ Keli M. Neary*
          **KELI M. NEARY**

**Office of Attorney General**    **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**  **Civil Litigation Section**
**Harrisburg, PA 17120**           **Attorney ID 205178**
**Phone: (717) 787-1180**

kneary@attorneygeneral.gov

**Date: September 25, 2018**       **Counsel for Governor Tom Wolf**

## **PROCEDURAL HISTORY**

On August 21, 2018, Mr. Monighan initiated a civil action against Governor Tom Wolf by filing a document purporting to be a civil complaint. ECF. Doc. No. 1. On September 11, 2018, Governor Wolf filed a motion to dismiss. ECF Doc. No. 7. Governor Wolf now files this brief in support of his motion.

## **SUMMARY OF FACTS**

Mr. Monighan is a Pennsylvania taxpayer. ECF Doc. 1 at p. 1. On July 31, 2018, the day before the deadline,[1] Mr. Monighan requested an extension of the period for circulation of third party nomination papers. ECF Doc. No. 1 at p. 13 (Exhibit B). Although the complaint is a hodgepodge of rambling, incomplete sentences, it appears Mr. Monighan desired an extension due to excessively cold temperatures in the spring, record amounts of rainfall in the spring and summer, and high temperatures in the summer in the Central Pennsylvania region. *See id*. at p. 6.

By letter dated, August 9, 2018, Mr. Monighan's extension was denied by Commissioner Jonathan Marks, Pennsylvania Department of State, Bureau of Commissions, Elections and Legislation. ECF Doc. No. 1 at p. 14.

---

[1] The deadline was August 1, 2018. ECF Doc. No. 1 at p. 14.

Through this action, Mr. Monighan now seeks a declaration from this Court that "disastrous weather" inhibited the ability of a third party candidate to property circulate his nomination papers. ECF Doc. No. 1 at p. 10.

## QUESTION PRESENTED

I. MUST THE COMPLAINT BE DISMISSED WHERE IT DOES NOT SET FORTH A SHORT AND PLAIN STATEMENT OF THE CLAIM AND THE AVERMENTS ARE NOT SUFFICIENT TO PUT THE DEFENDANT ON NOTICE OF THE ALLEGATIONS AGAINST HIM?

*Suggested Answer: Yes.*

## ARGUMENT

I. THE COMPLAINT MUST BE DISMISSED BECAUSE IT DOES NOT SET FORTH A SHORT AND PLAIN STATEMENT OF THE CLAIM AND THE AVERMENTS ARE NOT SUFFICIENT TO PUT THE DEFENDANT ON NOTICE OF THE ALLEGATIONS AGAINST HIM.

A complaint must be dismissed under Fed.R.Civ.P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic

recitation of the elements of a cause of action will not do.'" *DelRio–Mocci v. Connolly Prop. Inc.,* 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly,* 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials,* 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories,* 707 F.3d 223, 231 n. 14 (3d Cir. 2013) (internal citations and quotation marks omitted).

It is well settled that "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(d)(1)." *Scibelli v. Lebanon County*, 219 F.App'x 221, 222 (3d Cir. 2007). While *pro se* plaintiffs are held to less stringent standards of pleading than lawyers, they must still satisfy these basic pleading requirements. *See Rhett v. New Jersey State Superior Court*, 260 F.App'x 513 (3d Cir. 2008). Dismissal is appropriate in cases where the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well

disguised." *Tucker v. Sec'y U.S. Dep't of Health and Human Servs.,* 645 F.App'x 136, 137 (3d Cir. 2016) (per curium) (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 2d Cir. 1995)). This is such a case.

Mr. Monighan's complaint does not provide any meaningful opportunity for the Governor to decipher or answer the allegations raised against him. Instead, Mr. Monighan's ten page complaint is a series of random phrases and incomplete thoughts. With the exception page 8 and a few lines on page 9, the complaint does not contain *any* numbered paragraphs to which Governor Wolf could logically respond. In its current form, the complaint does not give the Governor fair notice of the claims against him.

Furthermore, the basis for Mr. Monighan's claims is unclear. At the top of the second page of his complaint, Mr. Monighan recites a list of constitutional provisions without relating them to any of the allegations in his complaint. *See* ECF Doc. No. 1 at p. 2 ("The first step is the First Amendment, Free speech, Free Assembly and the Right to petition, establishing issues."). Later in the pleading, Mr. Monighan references the Fourth Amendment "right to be secure in our papers" (p. 2) and the First Amendment right to petition for redress (p. 8); however, neither reference clarifies the basis for Mr. Monighan's claims. Mere recitations of constitutional provisions without clear explanation as to their relationship to the

allegations in the complaint does not put the Governor on notice of the claims against which he must defend.

For these reasons, the complaint should be dismissed for failure to conform to the pleading standards set forth in Rule 8.

## CONCLUSION

Mr. Monighan's Complaint fails to set forth a short and plain statement of his claims as required by Federal Rule of Civil Procedure 8(a); therefore, the complaint must be dismissed.

                                            **Respectfully submitted,**

                                            **JOSH SHAPIRO**
                                            **Attorney General**

                                        **By:**  *s/ Keli M. Neary*
                                                    **KELI M. NEARY**

**Office of Attorney General**          **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**     **Civil Litigation Section**
**Harrisburg, PA 17120**               **Attorney ID 205178**
**Phone: (717) 787-1180**

kneary@attorneygeneral.gov

**Date:  September 25, 2018**           **Counsel for Governor Tom Wolf**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA A. MONIGHAN | : |
| **Plaintiff** | : |
| | : No. 1:18-CV-1654 |
| v. | : |
| | : Judge Jones |
| TOM WOLF GOVERNOR | : |
| COMMONWEALTH OF PA | : Electronically Filed Document |
| | : |
| | : *Complaint Filed 08/21/8* |
| | : |
| **Defendants** | : |

## CERTIFICATE OF SERVICE

I, Keli M. Neary, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on September 25, 2018, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Governor Wolf's Motion to Dismiss to the following:

**VIA U.S. MAIL & E-MAIL**

**Joshua A. Moniighan**
**6363 Basehore Road**
**Mechanicsburg, PA 17050**
**Pro Se**

                                                *s/ Keli M. Neary*
                                                **KELI M. NEARY**
                                                Chief Deputy Attorney General